Citation Nr: 1550114 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 08-00 655 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUE

Entitlement to service connection for a right hip disability, to include as secondary to service-connected disabilities.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

P. M. Johnson, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1977 to October 1977 and from October 2003 to October 2004.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas.

In January 2009, the Veteran was scheduled to appear for a hearing with a Veterans Law Judge. He failed to report for this hearing and he has not requested that this hearing be rescheduled. Accordingly, this request was deemed withdrawn. See 38 C.F.R. § 20.704(d) (2015).

In March 2012 and December 2013, the Board remanded the Veteran's claim to the Agency of Original Jurisdiction (AOJ) for further development. The AOJ substantially complied with all requested development, and because the Board's order was fully complied with, there is no prejudice for the Board to proceed. See Stegall v. West, 11 Vet. App. 268 (1998). 


FINDINGS OF FACT

1. The Veteran has never been diagnosed with osteoarthritis or any arthritic disability of the right hip. 

2. The Veteran does not have a current diagnosis of any disability of the right hip. 


CONCLUSION OF LAW

The criteria for service connection for a right hip disability have not been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309, 3.310 (2015).




REASONS AND BASES FOR FINDINGS AND CONCLUSION

Throughout the appeal period, the Veteran has contended that he suffers from right hip pain as a result of his service-connected disabilities. While the Veteran suffers from pain in the area of his right hip due to his service-connected disabilities, the evidence does not indicate that he has a disability of the right hip; therefore, service connection for a right hip disability must be denied. 

In general, service connection may be granted for a disability or injury incurred in or aggravated by active service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. Notwithstanding the above, service connection may be granted for disability shown after service, when all of the evidence, including that pertinent to service, shows that it was incurred or aggravated in service. 38 C.F.R. § 3.303(d).

Establishing service connection generally requires competent evidence of three things: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the current disability and the disease or injury incurred or aggravated during service. See Shedden v. Principi, 381 F. 3d 1163, 1167 (Fed. Cir. 2004). In the absence of proof of a present disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992).

Service connection may also be established on a secondary basis for a disability that is shown to be proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) caused by or (b) aggravated by a service-connected disability. Id.; Allen v. Brown, 7 Vet. App. 439 (1995) (en banc) (additional disability resulting from aggravation of a nonservice-connected disorder by a service-connected disorder is also compensable under 38 C.F.R. § 3.310). 

In December 2006, the Veteran reported that "strain and awkward motions" related to his service-connected right knee "have started to make my hip and back hurt." "Please consider this a claim for service connection for my hip and back, secondary to my right knee." 

In February 2014, the Veteran stated, "I feel that the right hip disability I am trying to claim as a secondary to service connected disabilities should be granted because of the pain and discomfort I have to deal with. No prolonged standing, no climbing, no prolonged walking, having to drive short distances and having to take several breaks hunting. Cannot ride a four wheeler because of the bouncing that causes my lower back and hip to have pain and discomfort for hours." While the Board sympathizes with the Veteran's limitations, the evidence of record does not report that the Veteran has been diagnosed with a right hip condition during the appeal period. Further, the evidence indicates that the symptoms reported by the Veteran, including his pain, are symptoms of another disability that is already service-connected, his right sacroiliac (SI) joint. 

Records from North Little Rock VA Medical Center and the Veteran's private physicians do not provide evidence of a diagnosis of a right hip disability. 

In April 2006, the Veteran was seen for a physical medicine and rehabilitation service (PMRS) consult regarding complaints of right knee pain and pain in the right side of his back that began hurting one month prior. 

In July 2006, the Veteran was seen by PMRS Physical Therapy for a follow up on his back pain. The physical therapist reported that the Veteran had been hurting pretty bad since last his session. It was noted that the Veteran couldn't sit on his right hip and that he would get pain down his right lateral thigh and the inside of his foot when his hip was really hurting. The physical therapist opined that the Veteran had pathology of his right hip joint along with his SI joint dysfunction. He recommended a hip x-ray along with his lumbar MRI. No diagnosis of a right hip disability was provided at this time. 

In May 2007, the Veteran underwent a VA examination in relation to his complaints of back pain and hip pain due to his service-connected right knee disability. The Veteran was provided an x-ray of the right hip as part of this examination. The x-ray report of the right hip stated, "the joint space is normally maintained. Minimal osteoarthritic spurring is noted about the acetabulum. The study is otherwise unremarkable. Impression: minimal degenerative changes." Upon review of these findings, the examiner stated that x-rays of the right hip showed a normal bony anatomy without deformity disease or sign of injury. He provided a diagnosis of right hip, no orthopedic disease. 

In November 2008, the Veteran was seen for consultation and treatment from M.C., D.C. for low back complaints referring into the right leg. The chiropractor noted that interpretation of a pelvic x-ray revealed hip joints that were well maintained "without evidence of fracture, dislocation, or osteopathology." Based on the available clinical data, the Veteran's history, and x-ray findings, the chiropractor reported that the Veteran suffered from a disk protrusion at L4-5 and L5-S1 with mild degenerative disk disease; right-sided sciatic neuritis radiculitis; and muscle spasms.

In March 2012, the Board sought clarification regarding whether the Veteran had a diagnosis of a right hip disability. The examiner found that the Veteran did not have a right hip or thigh disability. However, the examiner's findings demonstrated limitation of motion in the right hip and updated x-rays reported "minimal osteoarthritis spurring about acetabulum... Stable Hip... Minor Abnormality." In January 2014, an addendum was provided stating that the x-ray reports of the hips from 2007 and 2012 are of no clinical significance and stated that the Veteran did not have any symptoms of hip disease.

In August 2014, the Veteran underwent another VA examination regarding the existence of any right hip disability. The examiner noted that the Veteran's right hip flexion ended at 120 degrees rather than its normal endpoint of 125 degrees. Additionally, the examiner reported functional loss or impairment of the right hip that included less movement than normal and pain on movement. New x-ray results indicated mild sclerotic changes about both SI joints, right side slightly greater than left and minimal bony hypertrophic changes along the margins of the acetabula. The interpreting physician reported no acute bony abnormality or significant joint space narrowing of the hips. 

While the August 2014 examiner opined that the Veteran had functional loss of the right hip, the examiner opined that no right hip disability was found. The examiner reported that the decrease in range of motion of the Veteran's right hip and discomfort noted during the current examination, and during the previous examinations in 2012, were due to the discomfort from his SI joint dysfunction.

In making all determinations, the Board must fully consider the lay assertions of record. A layperson is competent to report on the onset and continuity of his current symptomatology. See Layno v. Brown, 6 Vet. App. 465, 470 (1994) (a veteran is competent to report on that of which he or she has personal knowledge). When considering whether lay evidence is competent, the Board must determine, on a case by case basis, whether the Veteran's disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007).

The Board must weigh the credibility of probative value of the competent evidence, accounting for evidence which it finds to be persuasive or unpersuasive and providing reasons for rejecting any evidence favorable to the Veteran. Washington v. Nicholson, 19 Vet. App. 362, 366-67 (2005); Owens v. Brown, 7 Vet. App. 429, 433 (1995). Equal weight will not be accorded to each piece of evidence contained in the record, as not every item of evidence has the same probative value. Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). 

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; Gilbert, at 49. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant.

Based upon the evidence of record, the Board is unable to grant service connection for a right hip disability because there is no evidence of a diagnosis of a right hip disability during the appeal period. A diagnosis of a right hip disability was not provided during any of his VA examinations, and his treatment records from his VA treatment and his private treatment also fail to provide such a diagnosis. While the Veteran is seen numerous times throughout the record for pain in the area of his right hip, the evidence does not establish that a right hip disability is reason for the Veteran's symptoms. 

Despite the reports of right hip pathology along with SI joint dysfunction in July 2006, no diagnosis is provided for the symptoms reported. The physical therapist indicates that a hip x-ray may help clarify this situation; however, the results of numerous hip x-rays since this time have not resulted in the diagnosis of a right hip disability. While the x-rays in 2007 and 2012 indicated "minimal osteoarthritis spurring about acetabulum," these results were interpreted to be "non-findings" without clinical significance by the 2012 VA examiner. This opinion was supported the Veteran's private chiropractor in November 2008 who noted that the Veteran's x-ray demonstrated no evidence of osteopathology, and attributed the Veteran's complaints to his low back condition. His other private treatment records repeatedly indicated that the Veteran's receives treatment related to his low back disability and his SI joint dysfunction. The 2014 VA examiner opined that the Veteran's prior x-ray records, as well as the other evidence of record, did not indicate a diagnosis of a hip condition. Any changes along the acetabula were interpreted to be "no acute bony abnormality." The examiner explained that the Veteran's decreased range of motion and discomfort of his right hip were due to his SI joint dysfunction, which is already a service-connected condition. 

The only evidence that supports that the Veteran currently has a right hip disability is the assertions of the Veteran. While he is competent to testify about his symptomatology, including his symptoms of pain in the area of his hip, the Board notes that pain standing alone, without a diagnosis, is not a disorder for which service connection may be granted. See Sanchez-Benitez v. West, 13 Vet. App. 282, 285 (1999) ("pain alone, without a diagnosed or identifiable underlying malady or condition, does not in and of itself constitute a disability for which service connection may be granted.") 

While the Veteran is competent to report what he experiences through his five senses, such as pain, the Board finds that a hip disability, including osteoarthritis of the hip, is a complex disorder that is beyond the capability of lay diagnosis. See Jandreau. Further, the Board finds probative the opinion of the 2014 VA examiner that indicates that the Veteran's reported symptoms of pain is not evidence of a right hip disability; rather, the pain, and the related functional impairment, are symptoms of his Veteran's service-connected SI joint disability. 

While the Board acknowledges the arguments of the Veteran (and his representatives) that the Veteran has a hip disability that is secondary to his other service-connected disabilities, service connection cannot be granted, even on a secondary basis, without evidence of a current disability. See Brammer. Based upon the evidence of record, there is no competent evidence that supports that the Veteran currently has a right hip disability or has had a right hip disability at any point during the pendency of the current appeal; therefore, service connection for a right hip condition is denied. As the preponderance of the evidence is against the Veteran's claim, the benefit-of- the-doubt doctrine is not applicable. 38 U.S.C.A. § 5107(b) (West 2014); see also Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990). 

Duties to Notify and Assist

VA has met all statutory and regulatory notice and duty to assist provisions as to the Veteran's claims. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 
(West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2015).

The notice requirements of the VCAA require VA to notify the Veteran of what information or evidence is necessary to substantiate his claims; what information or evidence, if any, the claimant is to provide; and what information or evidence VA will attempt to obtain. 38 C.F.R. § 3.159(b). The United States Court of Appeals for Veterans Claims (Court) has stated that the requirements apply to all five elements of a service connection claim: Veteran status, existence of a disability, a connection between the Veteran's service and the disability, degree of disability, and effective date of the disability. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). VCAA notice must be provided to a claimant before the initial unfavorable decision on a claim for VA benefits by the agency of original jurisdiction (in this case, the RO). Id.; see also Pelegrini v. Principi, 18 Vet. App. 112 (2004). Insufficiency in the timing or content of VCAA notice is harmless, however, if the errors are not prejudicial to the claimant. Conway v. Principi, 353 F.3d 1369, 1374 (Fed. Cir. 2004). The RO provided the Veteran with VCAA notice in a February 2007 letter, issued before the July 2007 rating decision that the Veteran appealed. In that letter, the RO addressed the information and evidence necessary to substantiate a claim for service connection, addressed who was to provide the evidence, and informed the Veteran how VA assigns disability ratings and effective dates.

Regarding the duty to assist, VA must make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claim for the benefit sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. In connection with the claim being decided on appeal, the evidence of record includes the Veteran's service treatment records, VA treatment records, private treatment records, statements from the Veteran and his representative, buddy statements, and multiple VA examination reports and opinions. The Veteran's VA examinations, particularly the examination and opinions of the 2014 VA examiner, were based upon review of the Veteran's claims file and the reports of the Veteran. The examiner's opinions, particularly the 2014 VA examiner, included rationales that addressed the pertinent facts of record. 

For the foregoing reasons, the Board concludes that all reasonable efforts were made by VA to obtain evidence necessary to substantiate the claims being adjudicated on appeal. The evidence of record provides sufficient information to adequately evaluate these claims, all obtainable evidence identified by the Veteran relative to these claims has been obtained and associated with the claims file, and the Board is not aware of the existence of any additional relevant evidence which was not obtained. Therefore, no further assistance to the Veteran with the development of evidence is required. 38 U.S.C.A. § 5103A(a)(2); 38 C.F.R. § 3.159(d); see Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, 444 F.3d 1328 (Fed. Cir. 2006).


ORDER

Entitlement to service connection for a right hip disability, including as secondary to service-connected disabilities, is denied. 


____________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs